UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES WILDER,

    Petitioner,

v.                            CAUSE NO. 3:18CV658-PPS/MGG

WARDEN,

    Respondent.

OPINION AND ORDER

James Wilder, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary hearing (ISP 18-06-0197) where a Disciplinary Hearing Officer (DHO) found him guilty of Possession of Electronic Device Wireless Cellular Communication Device in violation of Indiana Department of Correction (IDOC) offense A-121. (ECF 1 at 1; ECF 6-1.) As a result, he was sanctioned with a loss of 90 days earned credit time. (ECF 1; ECF 6-3.)

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563-73 (1974). To satisfy due process, there must also be "some evidence" in

the record to support the guilty finding. *Superintendent, Mass Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

In grounds one and two of his petition, Wilder argues that there was insufficient evidence to support the finding that he is guilty of possessing a cell phone because there is no cell phone, no picture of a cell phone, and no video footage demonstrating that a cell phone was found. In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Here, the Conduct Report charged Wilder as follows:

> On the above date at approximately 9:31 am I officer T. Staples was conducting a security check on Row 9-10. While conducting the security check I C/O Staples told Offender

2

> Wilder, J DOC# 983871 R10-5A to let me shakedown his area. Offender Wilder, J asked me C/O T. Staples to shakedown his area earlier this morning. I C/O Staples asked Offender Wilder, J to step out of the area, before he stepped out he put on his gym shoes. I C/O Staples was going to start with Offender Wilder, J locker but decided to start with the bed first. As I C/O T. Staples was lifting the mattress Offender Wilder, J DOC # 983871 began to help lift the mattress but touched his clothes and bedding that was folded on the bed and told me C/O T. Staples he didn't like for his clothes and bedding to be touched. As I C/O T. Staples tried to move the items I C/O T. Staples saw a black cell phone and it was lite [sic] up. As I C/O T. Staples was about to reach for the phone Offender Wilder, J DOC # 983871 grabbed the phone. I C/O T. Staples gave numerous orders to Offender Wilder, J to give me the phone he Offender Wilder, J held the phone in his hand and said "he wasn't giving the phone to me." Offender Wilder, J stated "he would never give up the phone he's going to flush the phone." I C/O T. Staples radioed for security and again asked for the phone and Offender Wilder, J DOC # 983871 refused. This concludes this report.

(ECF 6-1.) An incident report further indicates that when Officer Staples called for security, Offender Wilder went to the toilet and flushed the contraband. (ECF 6-8 at 1-2.) Wilder was subsequently charged and convicted of violating IDOC A-121, which prohibits "[u]nauthorized use or possession of any cellular telephone or other wireless or cellular communications device." (ECF 6-7 at 3.) Possession is defined in the Disciplinary Code for Adult Offenders as follows:

> On one's person, in one's quarters, in one's locker or under one's physical control. For the purposes of these procedures, offenders are presumed to be responsible for any property, prohibited property or contraband that is located on their person, within their cell or within areas of their housing, work, educational or vocational assignment that are under their control. Areas under an offender's control include, but are not limited to: the door track, window ledge, ventilation unit, plumbing and the offender's desk, cabinet/locker, shelving, storage area, bed and bedding materials in his/her housing assignment and the desk, cubicle, work station and locker in his/her work, educational or vocational assignment.

https://www.in.gov/idoc/files/02-04-101_The_Disciplinary_Code_for_Adult_Offenders___6-1-2015.pdf (last visited July 15, 2019).

The DHO had sufficient evidence to find Wilder guilty of this offense. Both the Conduct Report and the Incident Report contained sufficient information to find Wilder guilty. It was not arbitrary for the DHO to conclude that Wilder possessed a cell phone when Officer Staples' conduct report indicates that she saw the phone just before Wilder grabbed it, that he refused to hand the phone over despite several orders to do so, and that he then said he was going to flush the phone. This is some evidence that the cell phone was both in Wilder's quarters and on his person. While the video footage does not provide direct evidence that Wilder possessed the phone, it is also not exculpatory. While Wilder denies that he possessed the phone, the DHO was not required to credit his version of events. *McPherson*, 188 F.3d at 786 (the court is not "required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence."). Therefore, I conclude that the DHO's finding that Wilder was guilty was neither arbitrary nor unreasonable in light of the evidence.

In ground three, Wilder claims his due process rights were violated because he was denied an impartial hearing officer. Wilder asserts only that the DHO was not impartial because he found him guilty without evidence to support that finding. I have already found that there was some evidence to support the finding of guilt. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. *Id*. However, due process is not violated simply because

4

the hearing officer knew the inmate, presided over a prior disciplinary case, or had some limited involvement in the event underlying the charge. *Id*. Wilder has not demonstrated that the DHO was directly or otherwise substantially involved in the factual events underlying the disciplinary charges or the investigation of the incident. *Id.* Because he has not rebutted the presumption that the DHO was acting with honesty and integrity, I find that this ground does not identify a basis for habeas corpus relief.

If Wilder wants to appeal this order, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

ACCORDINGLY:

James Wilder's petition for writ of habeas corpus is DENIED. The clerk is DIRECTED to close the case.

SO ORDERED on July 17, 2019.

    /s/ Philip P. Simon
    JUDGE
    UNITED STATES DISTRICT COURT